Arthur T. Howe *et al.*

*v.*

E. G. Frazer.

*Filed at Ottawa May 15, 1886.*

1. Practice—*rule to file bill of particulars with plea of set-off.* A plea of set-off being in the nature of a declaration in a cross-action, section 32 of the Practice act, requiring the defendant to file with his plea a copy of the instrument or account upon which he relies, is governed substantially by the same rules and principles that are applied to section 18 of that act, requiring the plaintiff to file a copy of the instrument or account sued on.

2. Same—*time for applying for a bill of particulars—waiver.* Where pleas of set-off are interposed, and issues joined thereon, if the plaintiff desires an account or bill of particulars to be filed to enlighten him as to the character of defendant's claim, he should apply for a rule therefor before the case is set down for a day certain on the call docket, otherwise he will be regarded as having waived his right to have such a rule.

3. Either party to a suit, under sections 18 and 32 of the Practice act, has the right to have the account or copy of the instrument filed upon which his adversary relies. But this right, like most other legal rights, may be waived, and the party entitled to its enforcement must not so act as to lead the other to suppose it has been waived, and until it would subject him to loss or inconvenience to have it then enforced.

4. After a case had been twice tried in the lower court, and heard twice in the Appellate Court, and the cause had been set for a day certain on the call docket, and was likely to be called for trial at any time, the plaintiff asked for a rule on the defendant to compel him to file with his pleas of set-off a copy of the instrument or account intended to be relied on, defendant showed, by affidavit, that the cause had been twice tried, and the evidence relied on fully reported; that no notice was given defendant to produce a bill of particulars until the evening before, and that in order to give the dates and details of the several items of account, it would be probably necessary to send for defendant's books and papers, then at another place, which would necessitate a continuance: *Held,* that the court, under the circumstances, properly overruled the motion, as also the further motions to strike the pleas of set-off from the files, and to exclude the evidence offered under them.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Messrs. HODGES & SHIPPEN, for the appellants.

Mr. JOHN P. ALTGELD, for the appellee.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

The appellants, Arthur Howe, and others, brought an action of *assumpsit,* in the Superior Court of Cook county, against the appellee, E. G. Frazer, to recover the value of certain goods and effects alleged to have been sold and delivered by the plaintiffs to the defendant. To the declaration, which was in the usual form, the defendant filed several pleas of set-off. For the purposes of the question to be determined, it will not be necessary to notice more particularly the pleadings in the case, or the character of the respective claims of the parties.

This case was before us at a former term, and is reported in 106 Ill., commencing on page 563, where a full statement of the facts and pleadings will be found. It has also been twice heard in the Appellate Court, and has been three times tried in the Superior Court. It was tried the last time in February, 1885.

On the 21st of the month, while the case was on call, and liable to be called up at any moment, the plaintiffs' counsel "moved the court for a rule requiring the defendant to file with his pleas of set-off in this cause, a copy of the instrument and accounts upon which he intended to rely, and referred to in his pleas." Counsel for defendant filed an affidavit in opposition to the motion, setting forth, in substance, that the case had been tried twice before; that the evidence relied on by the defendant had been fully taken down by a short-hand reporter, and that the plaintiffs could not but know the matter relied on in support of his pleas; that the case had been put upon the call, and set for Wednesday, the 18th, but three days before; that since then both

sides had been watching the case, claiming to be ready to proceed as soon as the case was reached; that nothing was said to the defendant about wanting a bill of particulars until the afternoon of the day before; that in order to give exact dates and details of labor performed and money expended, for which the defendant sought to recover, it would probably be necessary to send to Rock Island for defendant's books and papers relating to those matters, which would necessitate a continuance of the case. Under these circumstances, the court denied the application for the rule. The plaintiffs then moved the court to strike from the files the defendant's pleas of set-off, for the reason he had failed to comply with the requirements of section 32 of the Practice act, which provides: "If the defendant shall plead, or give notice of any set-off, he shall file with such plea or notice a copy of the instrument or account upon which he intends to rely." This motion was also denied. The plaintiffs then asked the court, for the same reason, to rule out and reject all evidence offered in support of the pleas, which the court refused to do.

These several rulings of the court, to which exceptions were taken, present, substantially, the same question, namely, whether the provision of the statute is absolutely imperative, so as to give the court no discretion in any case where it has not been complied with, and an application is made for its enforcement. The question is put in this form for the reason it is too clear to admit of argument, that if the enforcement of this provision is, under any circumstances, a matter of discretion with the court, it was clearly so in this case; and assuming such to be the case, we have no doubt it was properly exercised. The filing of a plea of set-off is the commencement of a cross-action, such plea answering to the declaration in the original action, and the proceeding in the cross-action, so far as the question under consideration is concerned, is governed, substantially, by the same rules and principles that

are held to apply to the 18th section of the Practice act, which requires the plaintiff to file with his declaration a copy of the account or instrument sued on. Under either section, the account or instrument upon which a recovery is sought should be filed as therein required. It is a right of the opposite party to have it done. But this right must not be enforced in such a way as to work injustice to the adverse party. Like most other legal rights, it is one that may be waived, and the party entitled to its enforcement must not so act as to lead his adversary to suppose it has been waived, until it would subject him to loss or inconvenience to have it then enforced. Such was manifestly the case here, if the allowing of the application would have worked a continuance of the cause, which is quite likely. At the very time this application was first made, the case was liable to be called up at any moment.

Under all the circumstances, the asking of the rule at that stage of the proceeding looks very much as if it was done for delay, merely. Had the plaintiffs, in good faith, really desired an account filed to enlighten them as to the character of the defendant's claim, they should have applied for the rule before the case was set down for a day certain on the call docket. By having gone to trial on the merits twice before, and having, without objection, permitted the case to be set for a day certain on the call docket, the defendant was fully justified in considering the right in question as waived, and it would have been unfair to him, under such circumstances, to have enforced it at that stage of the proceeding.

We are therefore of opinion that the several rulings of the court above mentioned were proper, and consequently afford no ground for a reversal. The conclusion here reached, we think, is sustained by the following cases: *McCarthey* v. *Mooney,* 41 Ill. 301; *Eddie* v. *Eddie,* 61 id. 134; *Mastin* v. *Toncray,* 2 Scam. 216.

The judgment will be affirmed.

*Judgment affirmed.*