### Chase Fowler v. George Meyers.

1. LACHES—*In Calling for a Bill of Particulars—Waiver.*—Where a plea of set-off has been on file for more than seven weeks and the plaintiff does not call for a bill of particulars under it until after the case is reached for trial and a jury is called, he must be regarded as having waived his rights.

2. QUESTIONS OF FACT—*Verdict Conclusive.*—Where the evidence is conflicting and raises a question of credibility only, which the jury and trial court can more intelligently pass upon, the Appellate Court will not usually say they were wrong in their conclusion.

**Distress for Rent.**—Appeal from the County Court of La Salle County; the Hon. BENJAMIN F. LINCOLN, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

HENRY GUNN and McDOUGALL & CHAPMAN, attorneys for appellant.

HALL, HAIGHT & PANNECK, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant issued and levied his distress warrant for $270.50 claimed to be due him from appellee for rent. Appellee pleaded a set-off against the rent, and appellant, by his replication thereto, set up a counter claim to the set-off. A trial resulted in a verdict for appellee for $22.48, on which judgment was entered.

The case was called for trial June 1, 1894, and after the jury were in the box, plaintiff asked for a rule on defendant to file a more specific bill of particulars of his set-off. The plea of set-off contained the common counts, and the copy of account filed with it was in like general terms. The plea had been on file for more than seven weeks, and if plaintiff desired a more specific bill of particulars, he should have made his motion seasonably, and not have waited until the allowance of it would necessitate a suspension of the proceedings in the trial or a continuance of the case. He must be regarded as having waived his right, and there was no error in denying the motion. Howe v. Frazer, 117 Ill. 191. No exception is taken to rulings of the court in the progress of the trial nor to instructions, but it is insisted that the verdict was against the weight of the evidence. Plaintiff had rented from other parties two farms in the spring of 1893 for $645, and entered into an arrangement with defendant, by which they were to work the land jointly and divide the crops equally, and defendant was to pay plaintiff as rent $322.50, one-half of the whole rent. Defendant paid $52.59 in cash, and there were mutual accounts between the

parties which were proved by them on the trial and which do not require attention. The matter in dispute between them was whether defendant had sold his half of the hay and straw to plaintiff. They had baled the hay and straw produced on the farms, amounting to 630 bales of hay and 302 bales of straw, of which each owned one half. Defendant claimed that he sold his half of the hay, 315 bales, at seventy cents a bale, and his half of the straw, 151 bales, at forty cents a bale, to plaintiff. If that claim was proved the verdict was right. Defendant was corroborated by the testimony of the man who baled the hay, and who said that he was present when the sale was made. Defendant denied making the purchase, and he was corroborated by another witness, but there was testimony that the corroborating witness had made a different statement out of court. After the alleged sale, defendant had bargained 100 bales of the hay to another man for $10, but gave the money back, saying that he would get himself into trouble if he sold the hay. But little importance is to be attached to that transaction, since the price, ten cents a bale, was so small, that there could scarcely have been an intention to make a *bona fide* sale. The evidence was conflicting, and raised a question of credibility only, which the jury and trial court could pass upon more intelligently than we can. They had opportunities for seeing and hearing the witnesses which are denied to us. We can not say that they were wrong in their conclusion.

In support of the motion for a new trial affidavits were made of newly discovered evidence, but the evidence was cumulative and not conclusive, and therefore did not afford ground for a new trial.

The judgment will be affirmed.