(No. 11603.—Judgment affirmed.)

JOHN C. MILLER, Defendant in Error, *vs.* THE GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN, Plaintiff in Error.

*Opinion filed February 20, 1918.*

1. BENEFIT SOCIETIES—*when service on a subordinate lodge is equivalent to service on grand lodge.* Where all the business of a benefit society is done through subordinate lodges by their officers, suit on a benefit certificate may be instituted by service on the treasurer of a subordinate lodge as agent of the grand lodge in the absence of an averment denying that the grand lodge is a corporation, notwithstanding the constitution of the society provides that subordinate lodges or their officers shall not act as agents for the grand lodge in matters pertaining to the beneficiary department unless authorized in writing.

2. SAME—*when a motion to continue for want of copy of certificate sued on comes too late.* A motion to continue a suit against a benefit society for want of a copy of the certificate sued on comes too late when not made until the case is called for trial, and it is not error to deny the motion where it appears from the record that the certificate was surrendered to the benefit society and was not in the custody of the beneficiary so he could attach it to his declaration when filed.

3. SAME—*benefit certificate must be construed as an insurance policy.* A benefit certificate is an insurance contract between the parties creating rights and liabilities and must be construed by the same rules as apply to any other insurance policy.

4. SAME—*when provision of benefit contract is contrary to public policy.* A provision of the constitution of a benefit society that

except in the specific cases enumerated as constituting permanent disability the right of the member to recover for permanent disability shall be determined arbitrarily by the beneficiary board of the society, with no right of appeal in case the claim is rejected, is contrary to public policy and void.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

N. C. LYRLA, (COLLISTER, GENTSCH & KAVANAUGH, of counsel,) for plaintiff in error.

T. M. WEBB, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The defendant in error recovered a judgment for $2000 against the plaintiff in error in an action of assumpsit in the circuit court of St. Clair county on a beneficiary certificate issued by plaintiff in error to defendant in error. On appeal to the Appellate Court for the Fourth District the judgment was affirmed, and the cause has been brought to this court pursuant to a writ of *certiorari*.

The errors assigned call in question, first, the action of the circuit court in rendering a judgment of *respondeat ouster* against plaintiff in error on an issue of fact tendered by replication to a plea in abatement denying proper service; second, the denial of a motion for continuance for lack of a copy of the instrument sued on, attached to the declaration; and third, the construction of certain clauses of the constitution and general rules of plaintiff in error as affecting the benefit certificate or contract of insurance between the parties and permitting a recovery thereon.

The replication to the plea to the jurisdiction put in issue the fact whether or not Maine Lodge Brotherhood of Railroad Trainmen No. 545, a subordinate lodge of said brotherhood, was an agent of the grand lodge. This issue

of fact was tried by the court without a jury under the provisions of section 45 of the Practice act. The court found from the evidence that said Maine lodge was the agent of the plaintiff in error, and that service had upon the treasurer of the Maine lodge was good and entered a judgment of *respondeat ouster.* Plaintiff in error then by leave of court filed a plea of the general issue and three special pleas. Defendant in error replied to the first special plea and demurred to the second and third, which demurrer was sustained. A trial was had and there was a verdict and judgment as above stated.

The evidence upon which the court predicated its finding was that under the constitution and general rules of the Brotherhood of Railroad Trainmen, as shown by the evidence, the brotherhood consists of the grand lodge and some 800 or more subordinate lodges holding charters from the grand lodge. The grand lodge consists of a president and assistant president, general secretary and treasurer and other officers and one delegate from each subordinate lodge, the grand lodge having general control and supervision of the subordinate lodges. Applications for insurance are all made through the subordinate lodges by the members thereof, and when such applications are granted the benefit certificates are sent to and issued through the subordinate lodges. The funds for the payment of insurance benefits are raised by assessments on the members of the subordinate lodges, which are collected and transmitted through the said subordinate lodges. In brief, all the business is done through such subordinate lodges by their officers. The treasurer of Maine lodge, on whom service was had, promptly reported the same and transmitted the copy of the summons left with him to plaintiff in error, the grand lodge. The service was substantially the same as that in *Grand Lodge Brotherhood of Locomotive Firemen* v. *Cramer,* 164 Ill. 9, and in the absence of an averment of the plea denying that the plaintiff in error was a corporation, we think the Appellate Court

did not err in holding, from the evidence, that the subordinate lodge was an agent of plaintiff in error, the grand lodge, and that service on the treasurer of Maine lodge was equivalent to service on the subordinate lodge as agent of the grand lodge, and was accordingly good.

Section 78 of the constitution and general rules of the plaintiff in error provides that subordinate lodges, or the officers thereof, shall not act as agents for the grand lodge in matters pertaining to the insurance or beneficiary departments unless specially authorized in writing by the president or general secretary and treasurer for that purpose, and without such authority any and all action which may be taken touching such matters by such subordinate lodges or officers thereof shall be absolutely void. This clause, however, cannot overcome the finding of the circuit and Appellate Courts, from the evidence and from other provisions of the constitution, that such subordinate lodge was, in fact, the agent of plaintiff in error.

It is urged that the court erred in overruling the motion for continuance made on behalf of plaintiff in error for want of a copy of the instrument sued on, filed with the declaration. In *Howe* v. *Frazer,* 117 Ill. 191, it was held that if a party desires an account to be filed to enlighten him as to the character of the claim of the opposite party he should apply for a rule therefor before the case is set down for a day certain for trial, otherwise he will be regarded as having waived his right to that rule. As further held in that case, the right of a party to a suit to have an account or copy of the instrument filed upon which his adversary relies, like most other legal rights, may be waived, and the party entitled to its enforcement must not so act as to lead the other to suppose it has been waived until it would subject him to a loss or inconvenience to have it enforced. It appears from the record in this case that the benefit certificate had been surrendered by the defendant in error to the grand lodge and apparently was not in the cus-

282 – 28

tody of defendant in error so he could attach a copy to his declaration when the suit was commenced and the declaration filed. It was attached, however, as an exhibit to the deposition of A. E. King, general secretary and treasurer of plaintiff in error, and was presumably on file in the trial court when the application for a continuance was made. We think it fully appears from the record that plaintiff in error was fully informed of the character of the instrument upon which the suit was based, namely, the benefit certificate. The motion was made when the case was called for trial and was too late. Under the circumstances the motion was a technical one and no rights were lost, and the court did not err in overruling it.

It was also urged that the certificate in question was received by defendant in error, Miller, on September 14, 1914, while the testimony shows that his injury occurred on the 10th day of September. This matter was not called to the attention of the trial court and cannot be considered here. As a matter of fact, the defendant in error had been a member of the Brotherhood of Railroad Trainmen for several years, during which time he had held a benefit certificate in another class for a less amount of insurance but had applied for a change into another class, and the change had been granted and the policy issued prior to the injury. The application for the benefit certificate sued on had been applied for and forwarded about a month before defendant in error was injured, and was issued by the grand lodge and delivered on the first day of September, 1914, to the subordinate lodge of which defendant in error was a member.

The only matter pleaded as a defense in the second and third special pleas, to which a demurrer was sustained, which was not set up in the first special plea, was the provision of section 75 of the constitution of the brotherhood, providing that no suit or action should be commenced on any beneficiary certificate by any claimant until such claimant had exhausted, by appeal, all remedies provided by the

constitution and by-laws, and that the plaintiff had not exhausted all his remedies and had not appealed said case. Section 67 of the constitution is entitled, "Death claims— Proofs required," and provides for an appeal to the board of insurance in certain cases where the general secretary and treasurer have disapproved or rejected a claim and it has been referred to the beneficiary board, who also disapprove the claim. Defendant in error in this case is entitled to recover, if at all, under section 70 of the constitution, *infra,* which provides, among other things, that when a claim shall be rejected by the beneficiary board (as was done in this case) no appeal shall be allowed from the action of such board, consisting of the officers named in that section. Defendant in error's claim, as we understand, was not one of those appealable from the action of the beneficiary board.

As to the merits of the case, whether defendant in error is entitled to recover under the provisions of the benefit certificate in question, said certificate provided that the defendant in error, as a member of Morshade Lodge No. 706 of said brotherhood, was entitled to participate in the beneficiary department, class D, ($2000,) which amount, in the event of his total and permanent disability as defined in section 68 of the constitution, shall be paid to him, or at his death shall be paid to his wife, if living. It is further provided that the certificate is issued upon the express condition that defendant in error shall comply with the constitution, general rules and regulations of the brotherhood, which, as printed and published by the grand lodge, together with the certificate and application and medical examination of defendant in error, constitutes the contract between defendant in error and said brotherhood. Said section 68 is as follows: "Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above

the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

The injury for which defendant in error sought to recover under the benefit certificate was a crushed left foot, which was run over by the cars while he was engaged in his work as a switchman. His physician who treated him at the time testified: "I found the bones about the middle of the foot to the toes were crushed,—a crushing injury. The bones are made up of about twenty-three. We designate them as tarsus and metatarsus and phalanges. These bones are almost in contact with one another. I found them crushed together,—one into another. There was no flexibility. There are various bones with strong tendons in the arch of the foot, and when the arch is broken down a flat-foot results, commonly speaking. Miller has a flat-foot. All of the bones are anchylosis. There is no improvement in the joints where the bones are connected. They simply become stiff. This condition is permanent. If he walks on his heel on the floor it would be due to the injury he received. It is a permanent condition. He will not be able to walk on a smooth surface with any degree of comfort. On a perfectly smooth surface he may walk, because that does not require the moving of the bones in there. In the performance of manual labor, such as railroad duty, he will have no power of balancing himself, because the bones do not change their position. He will not be able to walk without setting the heel first stiffly down. The small toe was amputated."

There can be no doubt from the evidence that defendant in error was seriously injured, and by reason of such injury he was permanently disabled from any active work as

a railroad trainman.   If section 68 of the constitution were the only section under which he was entitled to recover, it could not be said that under the terms of the certificate he had received an injury mentioned in that section.   His foot had not been amputated or severed at the ankle joint. It is not claimed, however, that the payment of benefits under the certificate in question and similar certificates was restricted to those who lose their lives or receive the injuries specifically mentioned in section 68.   On the contrary, it is conceded that under other sections of the constitution the defendant in error might, in some instances, receive the full amount of his certificate.   Section 70 of the constitution is as follows:   "All claims for disability not coming within the provisions of section 68 shall be held to be addressed to the systematic benevolence of the brotherhood and shall in no case be made the basis of any legal liability on the part of the brotherhood.   Every such claim shall be referred to the beneficiary board, composed of the president, assistant to the president and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be. considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to enforce the payment of any such claims.   No appeal shall be allowed from the action of said board in any case, but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper."   Under this section and other sections of the constitution which

it is not necessary to repeat here, the holder of a benefit certificate is entitled to receive the amount of the benefit certificate for other injuries than those mentioned in section 68 if certain officials of the plaintiff in error see fit to award him a recovery under the "systematic benevolence" of the brotherhood.

In construing the benefit certificate in question as between the parties it must be construed like any other insurance policy. It was an insurance contract between the parties, under which certain rights and liabilities accrued. The defendant in error, in consideration of the payment of dues or premiums, became entitled to recover in case he was killed or died or received injuries while the policy was in force. If the injuries were those mentioned under section 68 of the constitution his right to recover was absolute on making due proof. If he received injuries which amounted to a total disability he would still be entitled to recover. His right under the insurance contract to recover for the disability is recognized by the certificate and conceded in the argument, but his claim in such case must be addressed to the systematic benevolence of the brotherhood. The question as to this is, can the brotherhood in a proper case,—that is, where the insured has proved his total disability,—be compelled by law to take what the courts may hold to be a proper action under the terms of the contract, or are the members of the beneficiary board of the brotherhood to be the sole judges of the claimant's rights? In plain words the insurer agrees to insure against permanent disability and to pay in case of permanent disability, but reserves the right to be the sole judge of whether under its systematic benevolence, good fellowship or kindly feeling it will pay. One insured under such a contract could receive a great variety of injuries which would amount to total disability without having a foot or hand actually severed. One might have his leg or arm crushed and left permanently useless but saved by medical skill from actual

amputation, or, as in this case, have the bones crushed together in his foot so that the foot would be practically useless for active work, and yet clearly prove his permanent disability. In one of such cases the insured would be paid because of the benevolent or kindly feeling of the insurer; in another case he would not be paid because of the lack, or alleged lack, of such feeling or through caprice or the arbitrary action of the insurer. Such a contract by which mutual rights and obligations are incurred cannot be left to the arbitrary will of one of the parties as to whether it shall be enforced or not. (*Railway Conductors' Benefit Ass'n* v. *Tucker,* 157 Ill. 194; *Railway Conductors' Benefit Ass'n* v. *Robinson,* 147 id. 138.) A claimant is entitled, in such case, to enforce his rights in court as a matter of right by his contract under the law and cannot be compelled to accept what he might receive as a matter of charity. Such a provision is clearly contrary to public policy. Where one insured has paid for insurance according to his contract he has rights which he is entitled to enforce at law. Those rights cannot be taken away by a clause in the contract which gives the other party the sole construction of the contract and provides that section 70 may be pleaded in any suit brought on such contract and no appeal shall be allowed from the action of the board after it rejects a claim and that the claimant shall have no remedy. In brief, one of the parties to the contract cannot be the judge or arbitrator of its own case. It would be unjust and unfair to the beneficiary. If the policy provided that the insured should be the sole judge as to whether he was injured and the amount necessary to compensate him for such injuries we would unhesitatingly declare such a provision to be equally void and of no effect.

For the reasons given the judgment of the Appellate Court will be affirmed.            *Judgment affirmed.*