## John O. Kelly, Appellee, v. Brotherhood of Railroad Trainmen, Appellant.

### Gen. No. 27,278.

1. FRATERNAL BENEFICIARY ASSOCIATIONS—*right of recovery for total disability arising from injuries not specifically mentioned.* Recovery on a beneficiary certificate insuring the member against total and permanent disability cannot be defeated by the provisions of the constitution of the association specifically defining the injuries constituting total and permanent disability where the injuries received by the member do not fall within the limitation, but where the right of recovery under the certificate is absolute and the constitution further provides for the allowance of disability claims from injuries not specifically defined in the preceding section under the "systematic benevolence" of the association to be determined by certain named officers of the association and such latter provision gives an absolute right of action in case of total disability, the provisions for allowance by the officers and limiting legal liability being of no effect.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*evidence of total disability of member.* A railroad switchman is shown to be totally and permanently disabled to work as switchman, where the evidence shows that as the result of his injuries he is unable to get on and off moving cars and is able to perform only such of a switchman's duties as can be performed on the ground and that his condition is getting worse, although it also appears that he worked as switchman for about a year after he was injured, that one of his kidneys was then removed as tubercular, resulting from the injuries, and that for about two years after recovery from the operation he continued to work under the designation of switchman and drew switchman's wages but was unable to perform all the duties of a switchman.

3. PLEADING—*pleading decision of intermediate appellate court as law of sister State.* A demurrer is properly sustained to a plea which sets up that the contract sued oh is a contract of a sister State and would be construed in accordance with the laws of such State and that an identically similar contract has been construed against plaintiff in an intermediate appellate tribunal of such State and which shows that such decision might be overturned by the court of last resort of such State, since such plea shows on its face that the decision in question is not the law of the State even though it has become final.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK R. DE YOUNG, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed November 29, 1922.

HARRY P. WEBER, GEORGE W. MILLER, ARTHUR J. DONOVAN and ARTHUR A. ANDERSON, for appellant.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendant to recover $1,500, and interest thereon, claimed to be due him on a beneficiary certificate issued to him by defendant. There was a trial before the court without a jury and a finding and judgment in favor of plaintiff for the amount of his claim, viz., $1,839.58, to reverse which defendant prosecutes this appeal.

The record discloses that defendant is a voluntary fraternal beneficiary society and issues its certificates to railroad employees engaged in road or yard service; that on May 30, 1906, it issued its certificate to plaintiff which was known as a "Class C" certificate. This certificate together with the constitution of defendant provided that in case of plaintiff's total and permanent disability it would pay him $1,500, or in case of his death it would pay this amount to his mother or to his estate. In consideration of this contract plaintiff was required to make certain payments.

It is his contention that while engaged in the discharge of his duties as a switchman in March, 1913, he was severely and permanently injured and totally disabled; that he made claim for the amount of the certificate but that payment was refused. This suit followed.

The defendant filed a plea of the general issue and certain other pleas the allegations of which it is not

necessary to state in detail. In one of the pleas it was averred that section 68 of the constitution of defendant provided that any beneficiary in good standing who "shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate." The plea further alleged that plaintiff had not sustained the loss of a hand or foot or the sight of both eyes, and that he had not arrived at the age of seventy years, and, therefore, was not entitled to recover anything. To this plea plaintiff replied by way of confession and avoidance setting up section 70 of the constitution or by-laws which provided: "Sec. 70. All claims for disability not coming within the provisions of Section 68 shall be held to be addressed to the systematic benevolence of the Brotherhood, and shall in no case be made the basis of any legal liability on the part of the Brotherhood. Every such claim shall be referred to the Beneficiary Board, composed of the President, Assistant President, and General Secretary and Treasurer, who shall prescribe the character and decide as to the sufficiency of proofs to be furnished by the claimant, and if approved by said Board, the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said Board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any

suit or action at law, or in equity, which may be commenced in any court to enforce the payment of such claims. No appeal shall be allowed from the action of said Board in any case; but the General Secretary and Treasurer shall report all disapproved claims made under this section to the Board of Insurance at its next annual meeting for such disposition as such Board of Insurance shall deem just and proper." A demurrer to this replication was overruled.

The defendant filed another special plea setting up certain rules and regulations of the defendant whereby it was agreed that plaintiff's contract with defendant should be "held to be a contract made in the State of Ohio and subject to its laws"; that defendant's main office was located in Ohio and that certain provisions of the constitution of that State created a Court of Appeals and fixed its jurisdiction; that the court's jurisdiction was final in all cases except cases involving questions arising under the constitution of the United States and of Ohio, cases of felony and cases of public or great general interest, in which the Supreme Court of that State might direct any Court of Appeals to certify its record to that court. The plea further set up that the Court of Appeals of Ohio in June, 1915, decided a case involving the construction of sections 68 and 70 of defendant's constitution and where the material facts were the same as in the case at bar, and held that no recovery could be had. The plea further alleged that the record of the Court of Appeals in that case had never been certified to the Supreme Court of Ohio for review. It was also averred that the Supreme Court of Ohio on October 21, 1913, construed section 68 above mentioned and it was there held that no recovery could be had on a policy similar to the one before us unless the beneficiary was totally and permanently disabled within the meaning of section 68 [*Brotherhood of Railroad Trainmen v. Walsh*, 89 Ohio St. 15]. The plea then

averred that plaintiff had not been injured in the manner specified in section 68. A demurrer was sustained to this plea.

It is earnestly contended by the defendant that there is no legal liability in this case because the evidence shows that plaintiff did not receive any of the injuries specified in section 68 of the constitution and that he could recover on the certificate in question only in case the evidence showed that he did receive one of such injuries; and further, that no liability could be predicated on section 70. In support of this counsel cite the cases of *Huff v. Brotherhood of Railroad Trainmen*, 97 Neb. 848; *Pool v. Brotherhood of Railroad Trainmen*, 143 Cal. 650; *Rieden v. Brotherhood of Railroad Trainmen* (Tex. Civ. App.), 184 S. W. 689; and *Robinson v. Brotherhood of Railroad Trainmen*, 80 W. Va. 567. All of these cases are against the same defendant and substantially the same provisions of the constitution were under consideration as those in the case at bar. These cases do sustain the defendant's contention, and had not the question been decided by the Supreme Court of our State, we would be inclined to follow the reasoning and conclusions there stated. All of them, however, were decided before the opinion of our Supreme Court was filed in the case of *Miller v. Brotherhood of Railroad Trainmen*, 282 Ill. 430. In that case it was held that although the plaintiff there had not received any of the injuries mentioned in section 68 of the constitution, yet he could recover under section 70. Counsel for defendant seem to concede that the holding in the *Miller* case is contrary to their contention, but they seek to distinguish it on the ground that counsel for defendant in that case conceded that there was liability for total disability in cases other than those mentioned in section 68. But we do not so read the opinion. The concession there made by defendant appears to be that in case the officers of the defendant

agreed to pay plaintiff in accordance with the "systematic benevolence" mentioned in section 70, then and then only might there be a recovery under section 70. There was no contention there that any such agreement had been made. In that case, plaintiff, while a member in good standing, had his left foot run over and crushed by a car while he was engaged in his work as a switchman. There was no flexibility in the foot after the injury. The bones were anchylosis. He was not able to walk on a smooth surface with any degree of comfort. "In the performance of manual labor, such as railroad duty, he will have no power of balancing himself because the bones do not change their position." The court there said that there could be no doubt that he was permanently disabled from any active work "as a railroad trainman." From this it appears that Miller did not receive any of the injuries mentioned in section 68 of the constitution. The court there said (p. 435): "Defendant in error in this case is entitled to recover, if at all, under section 70 of the constitution." And further (p. 437): "If section 68 of the constitution were the only section under which he was entitled to recover, it could not be said that under the terms of the certificate he had received an injury mentioned in that section. His foot had not been amputated or severed at the ankle joint. It is not claimed, however, that the payment of benefits under the certificate in question and similar certificates was restricted to those who lose their lives or receive the injuries specifically mentioned in section 68. On the contrary, it is conceded that under other sections of the constitution the defendant in error might, in some instances, receive the full amount of his certificate." The court then quotes section 70, and continuing said: "Under this section and other sections of the constitution which it is not necessary to repeat here, the holder of a benefit certificate is entitled to receive the amount of the benefit certificate

for other injuries than those mentioned in section 68 if certain officials of the plaintiff in error see fit to award him a recovery under the 'systematic benevolence' of the brotherhood.  *  *  *  If the injuries were those mentioned under section 68 of the constitution his right to recover was absolute on making due proof. If he received injuries which amounted to a total disability he would still be entitled to recover.  His right under the insurance contract to recover for the disability is recognized by the certificate and conceded in the argument, but his claim in such case must be addressed to the systematic benevolence of the brotherhood.'' The court then held that provision of section 70 which left the matter to the officials of the brotherhood against public policy and void.  The *Miller* case, we think, is controlling here, and, therefore, the court did not err in overruling the demurrer to plaintiff's replication.

Defendant further contends that the evidence fails to show that plaintiff was totally and permanently disabled as a matter of fact; that plaintiff's own testimony, and it is the only testimony on the question, shows that at the time he was injured he was acting as a switchman in the yards of the Burlington Railroad in Chicago, and that he continued to work at such occupation for more than a year afterwards; that in October, 1914, on account of the injuries received, plaintiff was operated upon and one of his kidneys removed; that afterwards he recovered and worked as a switchman for the Erie Railroad for about two or three weeks; that he then worked as a laborer in East Chicago; that for about two years he worked as a switchman for the Elgin, Joliet & Eastern Railroad and earned switchman's wages, and that at the time of the trial he was out of employment but looking for work; that this evidence shows that plaintiff was not totally and permanently disabled and, therefore, he could not recover because the contract was to pay

him only in case of total and permanent disability. And it is argued that plaintiff may earn a livelihood in other lines of employment than railroad work; that it is not necessary for a person holding a certificate in defendant association to continue to be employed in railroad work; that under the constitution and by-laws of defendant it is necessary for a person to be engaged in railroad work to obtain a certificate, but there is no provision requiring him to continue in such employment; but, on the contrary, certain provisions of the constitution and by-laws are to the effect that a person holding a certificate may afterwards engage in other lines of work and by keeping up his dues be entitled to retain his certificate. The cases of *Holcomb v. Brotherhood of Railroad Trainmen*, 171 Ky. 843, and *Kane v. Brotherhood of Railroad Trainmen*, 102 Neb. 645, cited by counsel, hold that although a person holding a beneficiary certificate in the defendant was unable to perform his duties as a railroad man, yet he could not be considered permanently disabled within the meaning of his contract if he was able to do other work.

Prior to and at the time plaintiff was injured he was employed as a switchman working in railroad yards in Chicago. The evidence shows that he was required to get on and off cars and trains while they were in motion, and while he worked for a considerable period of time after receiving his injuries in the same line of work, the evidence shows that he was continually suffering from the effects of his injuries occasioned by falling from the top of the car; that his injuries became increasingly worse until October, 1914, when one of his kidneys was removed and it was found to be tubercular, and the evidence shows that this condition was brought about by the injuries received. The evidence further shows that while plaintiff did work under the designation of a switchman, and received switchman's wages, for the Elgin, Joliet

& Eastern Railroad for a period of about two years, it was not such work as he was doing before he was injured. He was not required to get on or off moving cars but could perform all of the duties required of him by walking on the ground. Upon a consideration of all the evidence we are clearly of the opinion that the trial court was warranted in finding for the plaintiff that on account of his injuries he was unable to follow his work as a switchman. It is certain that the finding of the court in this respect is not against the manifest weight of the evidence. But whether plaintiff could continue to be a member in good standing and be entitled to the benefits of a certificate if he had gone into other lines of employment than that of railroading, or whether he must be totally disabled in fact, we are not called upon to decide in this case because the Supreme Court in the *Miller* case held that Miller, a switchman, was entitled to recover on account of his injuries which prevented him from continuing to work as a railroad trainman. The contention now made by the defendant does not appear to have been specifically presented in that case, but in the view we take of the Supreme Court opinion as to the facts and what was there held, we think we would not be justified in holding that plaintiff could not recover where the evidence only showed that he was so disabled as not to be able to follow his occupation as a switchman.

The further point is made by the defendant that the court erred in sustaining the demurrer to its plea setting up that the contract in the instant case was an Ohio contract and to be construed in accordance with the laws of that State. Assuming, as we must, that the allegations of the plea are true, all that is set up with reference to section 70 of the constitution is that the Court of Appeals of Ohio held that no recovery could be had under that section as a matter of legal right. There is no allegation in the plea that an

announcement of the Court of Appeals of Ohio is. the law of that State. All that appears is that a particular case before that court was determined in favor of the defendant Brotherhood. But the plea inferentially avers that this decision of the Court of Appeals might have been overturned by the Supreme Court of Ohio, there being an averment that it might have been taken to that court. As we understand the law it is that the laws of a foreign State are to be found in their statutes and the decisions of their courts of last resort. It is certain that if the Ohio case had been decided by a justice of the peace or a trial judge, and the decision were final in the case, that it could not successfully be said that such decision would be the law of the State of Ohio. We have been unable to find any authorities on this point. The question was not considered in the briefs, but we think upon reason a decision of the courts of a foreign State by an intermediate tribunal cannot be held to be the laws of that State. (See as incidentally touching this question the cases of *Figge v. Rowlen,* 185 Ill. 234, and *People v. Grant,* 208 Ill. App. 235.) We think the plea was insufficient and, therefore, the demurrer was properly sustained.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

TAYLOR, J., concurs.

THOMSON, P. J., specially concurring: While I feel obliged, in part, though not entirely, by reason of the decision of our Supreme Court in the case of *Miller v. Brotherhood of Railroad Trainmen,* 282 Ill. 430, to concur in the decision of this case as announced above, I do not agree with all that is said in the foregoing opinion.