# JOHN MADY v. SWITCHMEN'S UNION OF NORTH AMERICA.[1]

December 1, 1911.

Nos. 17,247—(81).

**Contract of insurance.**

A contract of insurance cannot be given an interpretation at variance with the clear sense and meaning of the language in which it is expressed.

**Construction of benefit certificate — "total disability."**

A benefit certificate provided a payment for a total disability defined as follows: "Suffering by means of a physical separation of the loss of four fingers of one hand at or above the third joint, * * * provided the above amputations occur" to one after he becomes a member of the beneficiary department. Proof of the loss by separation of three fingers of the hand above the third joint, and of an injury to the other finger which impaired to the extent of fifty per cent. its usefulness, but did not result in or warrant a physical separation of any part of such finger, does not entitle the insured to payment as for a total disability.

Action in the district court for St. Louis county to recover $600 upon defendant's certificate of insurance. The answer alleged that on January 17, 1910, the subordinate lodge to which plaintiff belonged applied to defendant for a blank form of proof of injuries sustained by plaintiff; that defendant refused to furnish the same for the reason that the physician's certificate previously sent to defendant showed that only the small, ring and middle fingers had been amputated; that the physician's report did not conform to the requirements for total and permanent disability as required by sections 103 and 105 of defendant's constitution; that no other proof of disability was furnished by plaintiff; that plaintiff never pre-

[1] Reported in 133 N. W. 472.

[Note]   As to what constitutes total disability, see note in 38 L.R.A. 529.

As to what constitutes disability within meaning of accident insurance policy, see note in 23 L.R.A. (N.S.) 352.

sented his claim to defendant's beneficiary board, nor did he appeal to the grand board of directors; and that plaintiff had not kept up his dues and assessments after the accident. The reply was a general denial. At the close of the testimony, the court, Cant, J., directed a verdict in favor of defendant. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Spencer & Marshall,* for appellant.

*John Jenswold, Jr.,* for respondent.

SIMPSON, J.

The plaintiff, holding a beneficiary certificate in the amount of $600 in the defendant company, a fraternal beneficiary association, brought this action to recover the amount of such certificate, claiming a total disability. The trial court directed a verdict for the defendant on the ground that the evidence failed to show a total disability, as defined by the laws of the association and the beneficiary certificate. From a judgment entered pursuant to such verdict, the plaintiff appeals.

By the certificate issued the defendant agrees to pay, in accordance with the rules and regulations of the beneficiary department, the amount of the certificate, $600, to plaintiff "in case of his total disability as defined by said laws, rules, and regulations." The section of the laws of the association defining a total disability is as follows:

"Sec. 102. A member becoming totally blind, totally deaf, or suffering by means of a physical separation of the loss of four fingers of one hand, at or above the third joint, or of three fingers and thumb of one hand at or above the third joint, or the loss of one foot, at or above the tarsometatarsal joint (the instep), provided the above amputations occur after he becomes a member of the beneficiary department, shall be considered totally and permanently disabled, and shall receive the full amount of his benefit certificate, less the amount for obtaining proofs of disability, if any, and no other disability claims shall be allowed. Upon receiving payment of his claim for total disability his membership in the beneficiary department shall immediately cease."

The plaintiff's evidence showed that after he became a member of the beneficiary department he received a crushing injury to his right hand, necessarily resulting in the amputation of the second, third, and fourth fingers above the third joint. As part of the injury to the hand, the bone in the palm of the hand connecting with the first finger was injured, and for the distance of an inch about one-half of that bone was removed. By reason of this injury and the forming of scarred tissue, the finger was somewhat deflected from its normal line, and there was a loss of about one-half the power and efficiency of this first finger. The entire first finger and the thumb remained attached to and part of the hand. It is clear, these conditions having been shown by plaintiff's evidence, that the trial judge was right in directing a verdict for the defendant.

The action was brought on the contract existing between plaintiff and the defendant association. His right to recover the full amount of his certificate arises only from total disability "as defined" by the "laws, rules and regulations" of the association. A total disability as thus defined is less than total disability in fact, and some conditions causing a total disability in fact are not within the agreed definition. The court gives effect to the contract as made. It does not make the contract. In determining what contract was made between an insurer and insured, any doubt or ambiguity in language limiting the insurance is resolved in favor of the insured and against the insurer, so as, if possible, to give the contract a meaning and effect that the insured had reason to suppose it had from its general nature and purpose and its terms. But the contract cannot be given an interpretation at variance with the clear sense and meaning of the language in which it is framed.

The question here presented is: Did the plaintiff suffer a total disability, as defined by the laws of the association? So far as here involved, the laws of the association define a total disability as "suffering by means of a physical separation of the loss of four fingers of one hand at or above the third joint, * * * provided the above amputations occur" to one after he becomes a member of the beneficiary department. While this provision, as an example of English, may be criticized, its meaning is not obscure or ambiguous. The

loss of fingers specified in the laws is a loss by physical separation, and the extent of such loss is made definite by locating the point of separation at or above the third joint.   Evidently the association had a definite idea of what should constitute a total disability, and expressed that idea in its laws with great particularity.   The evidence wholly fails to bring the plaintiff's injury within the defined total disability.   The index finger remains intact as part of the hand.

Counsel for the appellant urges that the language defining total disability may and should be held to mean the loss, in usefulness, of four fingers, whether by separation or otherwise.   Even if the language of the contract referring to the separation and amputation at a specified point could be thus disregarded, it would not avail the appellant.   The evidence does not show a substantially total loss in usefulness of the index finger, but a loss of approximately fifty per cent.   Other portions of the laws and regulations of the defendant association make provisions for total disabilities other than those defined in section 102.   Those provisions are not here involved.   The plaintiff does not base his present claim upon them.

The judgment is affirmed.