## Holcomb v. Grand Lodge Brotherhood Railroad Trainmen.

(Decided November 1, 1916.)

### Appeal from McCracken Circuit Court.

1. Insurance—Accident Insurance—Total Disability.—The loss of one eye is not a total disability within the meaning of a policy of insurance providing that a member who shall suffer the complete

and permanent loss of sight of both eyes shall be considered totally and permanently disabled.

2. Insurance—Accident Insurance—Total Disability.—A policy of insurance in a fraternal insurance organization which provides that a member who shall suffer the complete and permanent loss of sight of both eyes shall be considered totally and permanently disabled, has no particular reference to the insured's vocation in the absence of something in the policy so indicating; and therefore, although the loss of one eye is a total disability so far as the occupation of a flagman is concerned, it is not a total disability within the meaning of the policy.

3. Insurance—Accident Insurance—Total Disability.—In such a policy where there is no reference to the insured's occupation and no undertaking to indemnify him against such total disability as would prevent him from following that occupation, his occupation is a mere circumstance and will not be a determining factor in fixing the liability of the company.

CAMPBELL & CAMPBELL and F. E. GRAVES for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In December, 1911, the appellee, a fraternal insurance company, issued to appellant a policy of insurance in class "C" of its organization wherein it agreed in consideration of the premiums paid and to be paid, to pay appellant or the named beneficiary in the event of his death or total disability, the sum of $1,500 in accordance with the terms of the contract.

It was provided in appellee's constitution that policies issued by it in class "C" should be for $1,500, and that the full amount thereof should be payable upon the insured becoming permanently or totally disabled within the meaning of section 68 of the constitution.

Section 68 reads as follows:

"Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand, at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot, at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes shall be considered totally and permanently disabled and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate, but not otherwise."

Appellant at the time the policy was issued was a flagman employed by a railroad company, and thereafter on the 6th of May, 1912, while engaged in his said occupation, was injured by a cinder which struck him in the left eye by reason of which he was made practically blind in that eye, and because of which injury he lost his position as flagman and was unable to obtain another position of a similar kind.

This is an action seeking a recovery on the insurance policy upon the theory that appellant was totally and permanently disabled within the meaning of the policy and of the constitutional provision quoted.

By agreement of parties the cause was submitted to the court, without the intervention of a jury, for the trial of both the issues of law and fact, and the Court, after separating its finding of law and fact, entered a judgment dismissing the plaintiff's petition, and from that judgment this appeal is prosecuted.

The only question necessary to be determined is whether there was such a total disability as is contemplated in the provision quoted.

The evidence shows that the cinder struck the appellant in the left eye and that he was almost totally blind in that eye although he could still tell daylight from dark; that both of his eyes were affected, and that at times the right eye was almost as bad as the left eye; that sometimes he could tell persons across the street; that he lost his position as flagman because of the injury to his eye and had been refused similar employment upon application to other companies for that reason; that he and his wife had since run a lunch counter or restaurant, but that he had been unable to do any work which required the use of his eyesight; that since the accident he had been able to walk around the streets alone without a cane or other assistance, and to drive a buggy around the streets of Paducah; that during the progress of the trial he was able to recognize persons in the court room thirty or forty feet distant from him.

The argument for the appellant is that total disability within the meaning of the policy is a relative matter and must be applied in this case to the insured in the light of his vocation as a flagman; that it must be held to be a total disability because it prevents him from discharging the customary duties of that vocation, and that as appellant was at the time the contract was entered

into a flagman and engaged in the operation of trains, the contract must be construed as having particular reference to his vocation as such trainman, and that inasmuch as the loss of one eye is a total disability so far as that vocation is concerned the contract should be interpreted in the light of his occupation.

That there are cases justifying such an interpretation where reference is made in the policy of insurance to the insured's vocation, and the contract may be fairly interpreted from its terms to have reference to his particular vocation, although he may thereafter be able to follow another, there is no doubt. As in this case, if the policy had undertaken to idemnify the appellant against any such total disability as would prevent him from following his occupation as a flagman, then undoubtedly he could recover; but in the policy in question his occupation is not referred to, and must be treated as a mere circumstance and not as a determining factor in fixing the liability of the organization.

It is true that the appellant at the time the contract was entered into was a trainman, and it may be true, as asserted in appellant's brief (although the record does not disclose it), that none other than trainmen were eligible to membership in the organization, but that is not to be deemed conclusive in the absence of some provision in the contract that he was to be idemnified for such total disability as might prevent him from following *that* vocation as distinguished from a total disability to follow *any* vocation. For although appellant at the time was a flagman, it cannot be assumed that if he thereafter ceased to be one, that the insurance would have ceased if he had continued to pay his premiums.

The policy in this case clearly was not an insurance against such total disability as might prevent appellant from following his vocation as a flagman, but was against such total disability, in a broader and more comprehensive sense, which might prevent him from following that or any other vocation.

The language is clear, explicit and unambiguous; and that appellant has not suffered the complete and permanent loss of the sight of both eyes is perfectly clear, and for that reason there can be no recovery.

The judgment is affirmed.