JOHN KANE, APPELLEE, v. BROTHERHOOD OF RAILROAD TRAINMEN, APPELLANT.

FILED JULY 8, 1918. No. 19938.

1. **Insurance: CONTRACT: TOTAL DISABILITY.** One who is color blind, but whose vision in other respects is unimpaired, has not suffered "complete and permanent loss of sight of both eyes." The fact that plaintiff is a railroad trainman, and on account of color blindess was discharged from his employment, does not entitle him to recover the amount payable under a provision of a benefit certificate that a member of the organization in good standing, "who shall suffer the complete and permanent loss of sight of both eyes, * * * shall be considered totally and permanently disabled;" there being no provision that the term "totally disabled" should mean "totally disabled" from following railroad work.

2. **Case Overruled.** *Routt v. Brotherhood of Railroad Trainmen,* 101 Neb. 763, overruled.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed and dismissed.*

*Weaver & Giller,* for appellant.

*Smith & Schall,* contra.

LETTON, J.

The facts in this case are similar to those in the case of *Routt v. Brotherhood of Railroad Trainmen,* 101 Neb.

763. A motion for rehearing in that case has been filed, and will be considered and disposed of with the case at bar. Several questions are presented, but the main and determining question is identical with that presented in the *Routt* case. The constitution' of the defendant provides that a beneficiary member of the class to which the plaintiff belongs, in good standing, "who shall suffer the complete and permanent loss of sight of both eyes, * * * shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

The majority opinion in the *Routt* case held, in substance, that the language of the contract was ambiguous, and that a member of the association who is unable longer to continue in train service, and is discharged therefrom, on account of color blindness, has suffered a complete and permanent loss of sight of both eyes, within the meaning of the contract.

The order, by its constitution, insures only against death and against certain specified disabilities. It makes no provision to insure against the multitude of other classes of injuries which a member may sustain, and which may equally incapacitate him from carrying on his work, and is therefore not avocational insurance.

The evidence shows that plaintiff's sight is perfect except that he is unable to distinguish certain colors. In the ordinary use and meaning of language, when one has suffered the complete and permanent loss of sight of both eyes, he is totally blind. It is true that ambiguous expressions in an insurance contract should be construed most strongly against the insurer, because he writes the contract, but where there is no ambiguity, and the plainest and clearest of ordinary language is used, courts are not warranted in striving to give distorted and unusual meanings to words in order to reach what is believed to be a benevolent result. Furthermore, section 85 of the constitu-

tion of the defendant order specifies its provisions "shall be interpreted and construed according to their most plain and obvious meaning." In order to bring plaintiff within the insured class, there must be a complete perversion of the usual and ordinary meaning of the language employed.

In a case in Kentucky, *Holcomb v. Grand Lodge, B. R. T.*, 171 Ky. 843, the facts were that a flagman was insured by this defendant under the same provisions as the plaintiff. He was injured by a cinder striking his left eye, by which he practically lost the sight of that eye, and the vision of the other was injured, and in consequence lost his position as a flagman. His eyesight, after the injury, was much more defective than that of plaintiff. The construction of the contract is discussed at length in the opinion, and it is said: "The language is clear, explicit and unambiguous, and that appellant has not suffered the complete and permanent loss of the sight of both eyes is perfectly clear, and for that reason there can be no recovery." The court of appeals of Ohio, the state where the order is domiciled, takes a similar view as to the obligations of the contract.

We are of the opinion that the district court erred in instructing the jury that, "under the laws of the state of Nebraska, one who is in the train service of a railroad company and is color blind to the extent that he is unable to distinguish colors and signals such as are used in the train service of a railroad company has suffered the permanent loss of sight of both eyes."

Its judgment is therefore reversed, and the cause dismissed.

                              REVERSED AND DISMISSED.

HAMER, J., dissents.