(No. 15229.—Reversed and remanded.)

JOHN O. KELLY, Defendant in Error, *vs.* THE BROTHER-
HOOD OF RAILROAD TRAINMEN, Plaintiff in Error.

*Opinion filed June 20, 1923.*

1. BENEFIT SOCIETIES—*when benefit society is not liable for per-
manent disability claim.* A benefit society which is bound by its
certificate to pay for permanent disability as defined in a certain
section of the constitution of the society, "but not otherwise," is
not liable for a permanent disability which does not come within
such definition; and a further provision of the constitution that
payment of a benefit for any other disability shall rest in the dis-
cretion of the beneficiary board of the society is valid, and no re-
covery can be had thereunder in the absence of an approval by the
board. (Contrary expression in *Miller* v. *Brotherhood of Railroad
Trainmen,* 282 Ill. 430, overruled; *Railway Conductors' Benefit
Ass'n* v. *Robinson,* 147 id. 138, distinguished.)

2. SAME—*insurance contract cannot be construed contrary to
clear meaning of language used.* In case of doubt the language of
an insurance contract is to be construed most strongly against the
insurer, but such a contract cannot, any more than any other con-
tract, be given an interpretation at variance with the clear sense
and meaning of the language in which it is expressed.

WRIT OF ERROR to the Second Branch Appellate Court
for the First District;—heard in that court on appeal from
the Circuit Court of Cook county; the Hon. FREDERIC R.
DEYOUNG, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, ARTHUR J.
DONOVAN, and ARTHUR A. ANDERSON, (C. W. COLLISTER,
of counsel,) for plaintiff in error.

EDMUND S. CUMMINGS, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

John O. Kelly was a railroad switchman and a member
of the Brotherhood of Railroad Trainmen, a fraternal ben-
eficiary society, which issued to him a certificate stating that
he was entitled to all the rights, privileges and benefits of

membership and to participate in the beneficiary department, class C, of the brotherhood to the amount set forth in the constitution, to be paid to him, or at his death to his mother. He brought an action of assumpsit on this certificate in the circuit court of Cook county against the brotherhood, alleging that he had become totally and permanently disabled, as defined by the laws, rules and regulations of the defendant in force at the time he became a member of the society and at the time he received his injuries, and that as a member of class C he was entitled to receive the sum of $1500, which the society refused to pay. He recovered a judgment for $1859.38, which the Appellate Court affirmed, and a writ of *certiorari* was awarded to review the record.

Five pleas to the declaration were filed by the defendant,—the first, the general issue; the second, a plea denying that the plaintiff had become totally and permanently disabled within the meaning of the contract between the plaintiff and the defendant; the third plea alleging the existence of a by-law of the society, known as section 60 of its constitution, which provided for three classes of beneficiary certificates, A, B and C; that each certificate should show in what class it was issued, and provide for the payment, in accordance with the constitution, of the full amount of such class upon the death of the member insured or upon his becoming totally and permanently disabled within the meaning of section 68; that class C provided for the payment, at the time the certificate was issued to the plaintiff, of $1350, and that this amount was increased by an amendment of the constitution to $1500; that there was also a section of the constitution numbered 68, referred to in section 60, which provided that "any member in good standing suffering, by means of physical separation, either the loss of a hand at or above the wrist joint, or the loss of a foot at or above the ankle joint, or suffering the loss of the sight of both eyes, shall be considered totally and permanently disabled, and shall receive, on sufficient and satisfactory

proof of the same, the full amount of his beneficiary certificate, but not otherwise." By subsequent amendments there was added a provision that the member, upon becoming seventy years of age, should be considered totally and permanently disabled, and the words "but not otherwise," at the end of the section, were transferred so as to follow the words, "totally and permanently disabled," in the section quoted; that the plaintiff did not before the beginning of the suit suffer the loss, by amputation, severance or physical separation, of either hand at or above the wrist joint, or either foot at or above the ankle joint, or the loss of the sight of both eyes completely and permanently, or otherwise, and had not arrived at the age of seventy years. Demurrers were sustained to the fourth and fifth pleas. Issue was joined on the first and second pleas, and to the third the plaintiff filed a replication, which averred the existence of the following by-law of the defendant, which became a part of the contract:

"Sec. 70. All claims for disability not coming within the provision of section 68 shall be held to be addressed to the systematic benevolence of the brotherhood and shall in no case be made the basis of any legal liability on the part of the brotherhood. Every such claim shall be referred to the beneficiary board, composed of the president, assistant president and general secretary and treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board the claimant shall be paid an amount equal to the full amount of the certificate held by him, and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits hereunder; and it is agreed that this section may be pleaded in bar of any suit or action at law or in equity which may be commenced in any court to enforce the payment of any such claim. No appeal shall be

allowed from the action of said board in any case, but the general secretary and treasurer shall report all disapproved claims made under this section to the board of insurance at its next annual meeting for such disposition as such board of insurance shall deem just and proper."

The replication then averred that while the plaintiff was engaged in the performance of his duties as a railroad switchman and was a member of the society in good standing he was accidentally thrown from the top of a freight car, and his back, spinal column and other portions of his body were so bruised, broken, lacerated and injured permanently that he was thereafter prevented from performing his duties, or any of his duties, as a railroad switchman; that the plaintiff made proof of his total and permanent disability as aforesaid, as required by the laws, rules and regulations of the defendant, and demanded of it the sum of $1500, and thereupon his claim was referred to the beneficiary board of the defendant, as provided in section 70, but the beneficiary board failed and refused to approve his claim. Thereafter, in accordance with that section, the plaintiff's claim was reported by the general secretary and treasurer to the board of insurance of the defendant and the board of insurance also refused to approve the claim; that the plaintiff had in all respects complied with the laws, rules and regulations of the society with reference to the proof and presentation of the claim, but the defendant has at all times refused to pay the sum of $1500 or any part thereof. A demurrer by the defendant to this replication was overruled, and upon a trial by the court without a jury a judgment was rendered in favor of the plaintiff.

The question of the liability of the plaintiff in error is to be determined on the demurrer to the replication to the third plea. Questions of fact have been settled in favor of the plaintiff by the finding of total and permanent disability by the court on the trial of the issue of fact, but the question remains whether the society, under its constitution

and by-laws as set forth in the pleading, is liable for the plaintiff's disability.

The declaration contained a copy of the certificate, and the only promise to pay in the certificate was to pay the amount set forth in the constitution. Section 60 of the constitution sets forth the amount to be paid upon certificates in class C to be $1500, to be paid upon the death of the member insured or upon his becoming permanently and totally disabled within the meaning of section 68. This section defines total and permanent disability by declaring that a member who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or of an entire foot at or above the ankle joint, or the complete and permanent loss of the sight of both eyes, or shall become seventy years of age, shall be considered to be totally and permanently disabled, but not otherwise. This definition includes conditions which do not, in fact, produce total disability, and it excludes conditions which do, in fact, produce total disability, but it is the definition which the parties to this contract adopted. The society is bound to pay for total disability when the conditions mentioned exist, and it is not bound to pay for total disability, however clearly it may appear to be total and permanent, if it is not a condition mentioned in this section. Parties contracting may agree upon the terms of their contracts and may insist upon their enforcement according to the terms of their agreement. The defendant in error has not suffered the amputation or severance of a hand or foot or lost the sight of both eyes and is not seventy years old. Clearly he is not within the terms of the disability mentioned in sections 60 and 68 of the constitution. The question has been before the courts of various States, and it has uniformly been held that the society is liable for a total and permanent disability only in case it is of the character mentioned in section 68. *Brotherhood of Railroad Trainmen* v. *Walsh,* 89 Ohio St. 15; *Kane* v. *Brotherhood of Railroad Trainmen,* 102 Neb. 645;

*Holcomb* v. *Brotherhood of Railroad Trainmen,* 171 Ky. 843; *Mady* v. *Switchmen's Union of North America,* 116 Minn. 147.

In answer to the third plea, which sets up section 68, the plaintiff replied setting up section 70. He thereby confessed that under the third plea and under section 68 he had no cause of action, and he necessarily relied upon section 70 as the foundation of his action. That section contains no agreement to pay any sum of money whatever. It expressly disclaims any liability for claims not coming within the provisions of section 68, and states that they shall in no case be made the basis of any legal liability of the society but shall be held to be addressed to its systematic benevolence. Other injuries not mentioned in section 68 are not covered by the certificate, and there is no agreement to pay for them although equally permanent and disabling to an equal extent. No such agreement is found in section 70, the only effect of which is to authorize the beneficiary board to approve claims for disability of any other character than that mentioned in section 68. The section neither creates nor recognizes any obligation of the society to pay any amount on any such claim but leaves the character and sufficiency of the proofs entirely to the discretion of the board, which is to decide whether the society shall pay, not as a claim arising upon the certificate but in the exercise of its systematic benevolence, an amount equal to the full amount of the certificate. Such payment is not regarded as a payment of the certificate but is to be regarded as a surrender and cancellation of the certificate, and the approval of the board is required as a condition precedent to the right of any such claimant to payment.

The validity of this section has been uniformly recognized by the decisions of courts in other States, but the defendant in error relies upon the decision in the case of *Miller* v. *Brotherhood of Railroad Trainmen,* 282 Ill. 430, in which this provision requiring claims other than such as

arise under section 68 to be submitted to the decision of the beneficiary board was held to be against public policy and void. The injury for which the plaintiff in that case recovered was a crushed foot and was not claimed to be within the terms of section 68, the court saying that his right to recover, if any, was under section 70. The opinion states that it was not claimed in that case that the payment of benefits under the certificate was restricted to those who lose their lives or receive the injuries specifically mentioned in section 68, but, on the contrary, it was conceded that under other sections of the constitution the defendant in error might, under certain circumstances, receive the full amount of the certificate. Whatever may have been conceded in that case, no concession as to the legal liability of the society is made here and no basis is apparent for such concession. The cause is submitted for the determination by the court of the rights and liabilities of the parties solely upon the writings which constitute their contract, uninfluenced by any other agreement, waiver, concession or circumstance. It was stated in that case that the certificate was an insurance contract and was to be construed like any other insurance policy. In cases of doubt the language of insurance policies is to be construed most strongly against the insurer, but a contract of insurance cannot, any more than any other contract, be given an interpretation at variance with the clear sense and meaning of the language in which it is expressed. (*Mady* v. *Switchmen's Union of North America, supra.*) The *Miller case* is based upon the unauthorized assumption, so far as appears, that there might be a legal liability on the part of the society to pay the full amount of the certificate though there was no liability under section 68. The opinion bases this liability upon section 70, which, instead of promising to pay, expressly provided that in the cases mentioned there should be no legal liability. It is said on page 438: "The defendant in error, in consideration of the payment of dues or premiums, be-

came entitled to recover in case he was killed or died or received injuries while the policy was in force. If the injuries were those mentioned under section 68 of the constitution, his right to recover was absolute on making due proof. If he received injuries which amounted to a total disability he would still be entitled to recover. His right under the insurance contract to recover for the disability is recognized by the certificate and conceded in the argument, but his claim in such case must be addressed to the systematic benevolence of the brotherhood. The question as to this is, Can the brotherhood in a proper case,—that is, where the insured has proved his total disability,—be compelled by law to take what the courts may hold to be a proper action under the terms of the contract, or are the members of the beneficiary board of the brotherhood to be the sole judges of the claimant's rights? In plain words, the insurer agrees to insure against permanent disability and to pay in case of permanent disability, but reserves the right to be the sole judge of whether, under its systematic benevolence, good fellowship or kindly feeling it will pay." The decision is based upon the statement, "the insurer agrees to insure against permanent disability and to pay in case of permanent disability," when in plain words the insurance was against disability incurred in the particular manner specified in section 68 "but not otherwise," and it was expressly declared that any other disability should in no case be made the basis of any legal liability on the part of the society. It could not be made plainer that the injury suffered by the defendant in error was not insured against. Claims for such a disability were required to be addressed to the systematic benevolence of the society, and the only contract to pay for such a disability was to pay the amount of the certificate if the beneficiary board, in its discretion, should approve such payment, the approval of the board being made a condition precedent to the right of the claimant to receive payment. It is true, as is further

said in that opinion on page 439, that "where one insured has paid for insurance according to his contract he has rights which he is entitled to enforce at law;" but it is to be remembered that the contract is binding on the insured as well as the insurer and his rights must be enforced according to his contract.

It is clear that under section 68 the defendant in error has no cause of action. Under section 70 he has no cause of action unless his claim has been approved by the beneficiary board. Section 68 is an absolute contract to pay a fixed sum in a certain event. Section 70 is not a contract to pay anything except a sum to be allowed by the beneficiary board of the society, whose approval is made a condition precedent to liability. While the question is not before us and courts differ about it, there are decisions which hold that provisions in benefit certificates or in the constitutions or by-laws of fraternal beneficiary societies which make the decisions of the tribunals of the society conclusive as to claims for benefits are contrary to public policy and void where the society by its contract has undertaken absolutely to pay a definite sum upon the happening of a certain event. (*Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1; *Supreme Council* v. *Grove,* 176 Ind. 356; *Supreme Lodge O. S. R.* v. *Raymond,* 57 Kan. 647; *Daniher* v. *Grand Lodge A. O. U. W.* 10 Utah, 110; *Kelly* v. *Tremont Lodge,* 154 N. C. 97; *Baltimore and Ohio Railroad Co.* v. *Stankard,* 56 Ohio St. 224.) On the other hand, it has been decided that provisions making the decisions of the tribunals of the society upon claims for benefits conclusive are valid and will be sustained. (*VanPoucke* v. *Netherland St. Vincent de Paul Society,* 63 Mich. 378; *Hembean* v. *Great Camp K. of M.* 101 id. 161; *Anacosta Tribe I. O. R. M.* v. *Murbach,* 13 Md. 91; *Woolsey* v. *I. O. O. F. Lodge,* 61 Iowa, 492; *Rood* v. *Railway Conductors' Mutual Benefit Ass'n,* 31 Fed. 62.) The reasons given for the decisions which hold that such a stipulation is void and will not be enforced

are, that it is merely a revocable agreement to arbitrate causes of action not in existence but which may arise in the future; that it ousts the courts of their jurisdiction; that no one should be a judge of his own cause; and that the remedy for breaches of contract is to be found in the courts and is to be provided by the courts and not by the agreements of parties. The reason given for the contrary decisions is that these fraternal organizations are purely voluntary associations, which have by their own organic laws provided a tribunal to hear and determine all claims of the members against the association; that it was competent for the members to agree among themselves that the decision of the board of directors or other tribunal agreed upon should be conclusive of disputes arising between the association and its members.

In *Railway Conductors' Benefit Ass'n* v. *Robinson*, 147 Ill. 138, the decision of the board of directors of the association rejecting the claim for a death benefit was set up as a defense by the association, and the decision in that case is cited by the defendant in error as indicating the settled policy of this State to hold invalid provisions making such decisions conclusive. In that case it was not decided that a stipulation making the decisions of the tribunals of the association upon claims for benefits conclusive of the rights of members is void. It was said: "That it is competent for members of societies of this character to so contract that their rights as members shall depend upon the determination of some tribunal of their own choice, and that such determination shall be conclusive, may be conceded. But where the designated tribunal is the society itself,—one of the parties to the controversy,—or, what is substantially the same thing, the board of directors, which is its official and organic representative, the courts will hesitate and even refuse to treat its decisions as final and conclusive unless the language of the contract is such as to preclude any other construction;" and it was held in that case, contrary to the

holding in the *Rood case, supra,* that the language of the stipulation did not make the decision of the board of directors upon a claim for benefits final and conclusive upon the member. The question, however, in all these decisions is not that presented in this case. The contract does not provide in section 70 for the payment of any certain sum of money upon the happening of any event. It provides only for an appeal to the systematic benevolence of the society in cases in which no legal liability exists, and for a payment to be made upon the approval of the beneficiary board only in cases of the character and sufficiency of which the board shall decide. There is no reason why the members of the society may not agree among themselves that members having no legal claim under their contracts upon the society and yet who suffer disability may not apply to the beneficiary board for relief and be bound by its decision. It has been held that this provision in the certificate of the Brotherhod of Railroad Trainmen is valid and will be enforced and that no recovery can be had in the absence of an approval of the beneficiary board. (*Huff* v. *Brotherhood of Railroad Trainmen,* 97 Neb. 848; *Pool* v. *Brotherhood of Railroad Trainmen,* 143 Cal. 650; *Rieden* v. *Brotherhood of Railroad Trainmen,* 184 S. W. (Tex.) 689; *Robinson* v. *Brotherhood of Railroad Trainmen,* 80 W. Va. 567; *Brotherhood of Railroad Trainmen* v. *Smith,* 129 Miss. 738; *Brotherhood of Railroad Trainmen* v. *Nolan,* 244 S. W. (Ky.) 759.) We agree with these decisions, and so far as *Miller* v. *Brotherhood of Railroad Trainmen, supra,* is to the contrary it is overruled.

The judgments of the Appellate Court and the circuit court will be reversed and the cause remanded to the circuit court, with directions to sustain the demurrer to the replication to the third plea.

*Reversed and remanded, with directions.*