#### BROTHERHOOD OF RAILROAD TRAINMEN v. BRITTON.   (No. 1969.)

(Court of Civil Appeals of Texas. El Paso. Feb. 17, 1927. Rehearing Denied March 10, 1927.)

1. **Insurance** ⊜⇒825(3)—**Whether eye's blindness was complete held for jury in holder's suit on certificate, under evidence of practical loss of sight.**

In holder's suit on a benefit certificate, the question whether he had suffered complete and permanent loss of sight of right eye was properly submitted to the jury, under evidence of the loss of sight for all practical purposes.

2. **Insurance** ⊜⇒787—**Reasonable rather than literal construction should be given "total disability" in accident benefit certificate.**

The term "total disability" is to be given a reasonable rather than a literal construction, in accident benefit certificates.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Total Disability.]

3. **Insurance** ⊜⇒787—**Practical blindness was "total disability" within certificate indemnifying against complete loss of sight.**

Loss of sight for all practical purposes was a "total disability" in the affected eye under benefit certificate indemnifying against complete and permanent loss of sight.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by W. H. Britton against Brotherhood of Railroad Trainmen. From a judgment for plaintiff, defendant appeals. Affirmed.

J. U. Sweeney and J. E. Quaid, both of El Paso, for appellant.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellee.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. Appellee brought this suit against the appellant to recover upon a benefit certificate issued to him under section 68 of appellant's constitution, alleging that he had suffered the complete and permanent loss of the sight of his right eye and had thereby become totally and permanently disabled within the meaning of said section. Said section 68 reads:

"Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of one or both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

Issue No. 1, and its accompanying explanation, reads:

"Do you find from a preponderance of the evidence that, at the time of the claim for disability made by the plaintiff, he had suffered the complete and permanent loss of the sight of his right eye?
"For the loss of sight of an eye to be complete, within the meaning of the insurance certificate sued on, the loss of sight must be such as that the remaining sight is of no material or practical use or benefit to plaintiff."

The issue was answered in the affirmative. There was another issue submitted which was also answered in the plaintiff's favor. No point with respect thereto is presented, so it need not be stated. Judgment was rendered in the plaintiff's favor.

[1] Error is assigned to the refusal of a peremptory instruction for the defendant, it being contended the evidence shows the plaintiff had not suffered complete and permanent loss of sight in his right eye as provided in the quoted section. Plaintiff had a retinal hemorrhage which is a permanent injury. As to this no point is made by appellant. Its insistence is the loss of sight in the eye was not complete.

[2] We agree with appellant that there was not a complete loss of sight in the literal sense. Section 68 provides insurance against total and permanent disability. In construing the term "total disability" in contracts of this nature, the courts of this state have not construed the same in their literal sense. In so doing they are in accord with the weight of authority elsewhere. F. & C. Co. v. Getzendanner, 93 Tex. 487, 53 S. W. 838, 55 S. W. 179, 56 S. W. 326. The term "total disability" is to be given a reasonable construction, rather than a literal one. Hefner v. F. & C. Co., 110 Tex. 596, 222 S. W. 966.

In the present case, Dr. Gray testified that plaintiff was not totally blind in his right eye, and further:

"If you close the left eye, this man would be practically incapacitated—practically so."

Plaintiff testified:

"Since May, 1925, I can't see anything with that eye. If my other eye was like that, I would have to be led; I couldn't see to get around. You are standing something like ten feet from me, and with my left eye closed I can't see you; I can't see anything in front of me. If I turn to the side, on the extreme side, I can see just an object. If you were ten feet on the right side I couldn't tell whether you were a man or post; if you were three feet, I couldn't tell whether you were a man or post with this right eye. I can see an object. That is all. I can't tell you what it looks like. I can't see it—a shadow or something dark. Of course, I can't read with the eye. I can't tell your hand from a book, at a distance of three feet, if my left eye is closed. It has been that way since about the beginning of May, last year. There is no way I can use or get any benefit from the vision of the right eye at all now. I can't judge distance good at all. Looking out of the side of the right eye, I could see an object, I judge, three or four feet off. I couldn't tell what it is, just see it is an object, is all. I don't think there is enough vision so I could tell your hand from a book or a hat from your hand. I can see something dark, a shadow; that is all. I can't detect what it is. There is no way I could use that vision in the condition it is now. It doesn't help me any at all."

We regard the case of International Travelers' Ass'n v. Rogers (Tex. Civ. App.) 163 S. W. 421 (writ refused), as decisive against appellant's right to a peremptory charge in its favor. In that case the suit was upon an accident policy insuring against the loss of the entire sight of an eye. A charge was given authorizing recovery if the plaintiff suffered "the practical loss of the entire sight of one of his eyes." In sustaining the charge the court said:

"That, in effect, and results, and to all intents and purposes, appellee has lost the entire sight of his eye cannot be gainsaid, and such is the meaning of the word 'practical,' as used in the court's charge."

[3] The evidence shows greater impairment of the vision of Britton's eye than was shown in the Rogers Case. While Britton did not become completely blind in his right eye, in the literal meaning of the term, yet for all practical purposes he is so, and in our opinion he has suffered a total disability in that eye within the meaning of section 68.

An examination of the authorities cited by appellee discloses their inapplicability.

In Kane v. Brotherhood of Railroad Trainmen, 102 Neb. 645, 168 N. W. 598, L. R. A. 1918F, 1037, the plaintiff's vision was normal except an inability to distinguish certain colors. That was merely a case of color blindness.

In Holcomb v. Grand Lodge Brotherhood

of Railroad Trainmen, 171 Ky. 843, 188 S. W. 885, L. R. A. 1917B, 107, liability attached for the complete and permanent loss of sight of both eyes. The evidence showed almost total blindness in one eye, but with the other the plaintiff could sometimes tell persons across the street; he could walk and drive a buggy upon the streets of the city, and upon the trial he was able to recognize persons in the courtroom 30 or 40 feet distant. Manifestly the sight was not lost for all practical purposes.

The other cases cited by appellant have no more application than the Kane and Holcomb Cases, and there is no occasion to review same.

The explanation given in connection with issue No. 1 is not upon the weight of the evidence; it was correct, and therefore all issues and charges requested not in harmony therewith were properly refused.

The first and second propositions relate to the admission of certain testimony of the plaintiff. It should not have been admitted, but it was wholly irrelevant to the controlling issue in the case, the finding upon that issue, No. 1, is abundantly supported by the evidence, and the objectionable evidence could have had no influence upon the finding made. In our opinion the error in admitting the same was harmless and affords no ground for reversal.

Affirmed.