## PARROTT v. BROTHERHOOD OF RAILROAD TRAINMEN.

### No. 4638.

Court of Civil Appeals of Texas. Texarkana.

June 7, 1935.

Rehearing Denied June 20, 1935.

Moore & Moore and Braswell & Perfect, all of Paris, for appellant.

Long & Wortham and Hutchison & Fisher, all of Paris, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellant, Albert S. J. Parrott, as plaintiff against appellee, Brotherhood of Railroad Trainmen, as defendant, seeking to recover for total and permanent disability resulting from a spinal injury sustained by appellant November 9, 1931, while performing his duties as a railroad brakeman, which disability appellant claims he was insured against by appellee, a fraternal benefit society. The appeal is from a judgment dismissing plaintiff's suit upon his failure to further amend after the trial court had sustained defendant's general demurrer and "special exceptions" to plaintiff's first-amended original petition as supplemented by plaintiff's first supplemental petition. The trial court having sustained the general demurrer, the special exceptions should not have been considered. City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633; Everett v. Henry, 67 Tex. 402, 3 S. W. 566; Bingham Bros. v. Port Arthur Channel & Dock Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 656. Therefore, the appeal presents the single ques-

tion, Did the trial court err in sustaining the general demurrer to plaintiff's petition?

▮▮▮ The petition alleges that on February 11, 1924, defendant issued to plaintiff a beneficiary certificate in the amount of $2,700 (later increased to $2,800), entitling him to all the rights and benefits of membership and to participate in the benefit department, class D, of such Brotherhood, in the amount set forth in its constitution in the event of his becoming totally and permanently disabled as defined in section 68 of the constitution:

"That by the provisions of Section 68 of defendant's constitution referred to in the certificate the amputation or severance of an entire hand at or above the wrist joint, of an entire foot at or above the ankle joint, complete and permanent loss of sight of both eyes, or upon a member becoming 70 years of age, are made permanent disabilities. That Section 70 of said constitution provides that all claims for disabilities not coming within the provisions of Section 68 shall be held to be addressed to the benevolence of the brotherhood, and shall in no case be made the basis of any legal liability on the part of the brotherhood; that such claims shall be referred to the beneficiary board composed of the President, Assistant to the President, and General Secretary and Treasurer who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and that the approval of said board shall be required as a condition precedent to the right of any such claimant to benefits, and that no appeal shall be allowed from the acts of said board in any case.

"Plaintiff alleges that the provision of Section 70 that claims for disability therein referred to shall not be made the basis of any legal liability on the part of the Brotherhood and that no appeal shall be allowed from the action of the beneficiary board on a claim, are illegal in that such provisions are an attempt to deprive the courts of the country of jurisdiction to pass upon the rights of parties to contracts, and that such provisions are arbitrary and unreasonable in that they undertake to make the action of the beneficiary board final and binding on a member holding the certificate, such board being an agency of defendant and a party to the contract; that such provision as a part of the contract is unilateral and without consideration, and that said provisions are against public policy, void, and not binding on this plaintiff."

The petition further alleges that plaintiff sustained total and permanent disability November 9, 1931, resulting from spinal injury received while performing his duties as a railroad brakeman, of which due and proper proof was made and furnished defendant; and that the rejection of his claim was an abuse of discretion, if any discretion defendant had in the matter, and was an unauthorized discrimination against plaintiff.

Plaintiff's alleged disability resulting from spinal injury is not of that character defined and insured against in section 68 of defendant's constitution as pleaded by plaintiff. Section 70 of the constitution, as pleaded by plaintiff, contains no promise to pay for disabilities not coming within the provision of section 68; to the contrary, section 70 provides that all claim for such disabilities shall be held to be addressed to the benevolence of the Brotherhood. Had defendant by its constitution or otherwise assumed a legal obligation to pay claims for disabilities of the character suffered by plaintiff, it could not avoid its contract, nor oust the courts of jurisdiction to redress a breach, by stipulating that a board of its own officers should be final arbitrators of its liability. Knights of Modern Maccabees v. Mayfield (Tex. Civ. App.) 147 S. W. 675; Note 51 A. L. R. 1420. On the other hand, the association violates no rule of law or public policy in naming such a board to exercise its benevolence, and no legal liability is incurred by authorizing nonactionable claims to be addressed to the benevolence of the order, and the decisions of its board may in such matters be made final. The courts can hold that contractual rights cannot be taken away by any system of arbitration whereby one of the parties to the contract does the arbitrating, but courts cannot make a contract for the parties, nor hold that the contract gives rights which it does not, but which it expressly negatives. That members, holding beneficiary certificates, as plaintiff, have no cause of action against the association for disabilities not coming within the provisions of section 68 of defendant's constitution has been determined by the courts of this state and other states. Rieden v. B. of R. T. (Tex. Civ. App.) 184 S. W. 689, 690, writ of error refused; Kelly v. B. of R. T., 308 Ill.

508, 140 N. E. 5, 7, 29 A. L. R. 243; Pool v. B. of R. T., 143 Cal. 650, 77 P. 661; Grand Lodge, B. of R. T. v. Smith, 129 Miss. 738, 92 So. 837, 27 A. L. R. 863; Huff v. Grand Lodge, B. of R. T., 97 Neb. 848, 151 N. W. 979; Robinson v. B. of R. T., 80 W. Va. 567, 92 S. E. 730, L. R. A. 1917E, 995. In Rieden v. B. of R. T., supra, it is said: "The contract does not give a cause of action in one division and undertake to deprive the beneficiary of it in another by providing that no appeal shall be made to the courts, as was the case in Lewis v. Brotherhood Accident Co., 194 Mass. 1, 79 N. E. 802, 17 L. R. A. (N. S.) 714."

Kelly v. B. of R. T., supra: "The question has been before the courts of various states, and it has uniformly been held that the society is liable for a total and permanent disability only in case it is of the character mentioned in section 68. Brotherhood of Railroad Trainmen v. Walsh, 89 Ohio St. 15, 103 N. E. 759; Kane v. B. R. T., 102 Neb. 645, 168 N. W. 598, L. R. A. 1918F, 1037; Holcomb v. B. R. T., 171 Ky. 843, 188 S. W. 885, L. R. A. 1917B, 107; Mady v. Switchmen's Union of North America, 116 Minn. 147, 133 N. W. 472."

Plaintiff's petition further alleges:

"That at the time his application was taken for membership in defendant Brotherhood by the President of the local lodge, said President represented to him that he would be insured against permanent disability resulting from any cause while engaged in his occupation as a railroad brakeman.

"That he was not furnished a copy of the defendant's constitution and by-laws at the time of the issuance of the certificate aforesaid, nor until sometime thereafter, and that he had no actual knowledge of Section 70 above referred to until after he was permanently injured.

"That defendant and its beneficiary board had for a long period of time prior to plaintiff's injury, treated and recognized such certificate as that herein sued on, as applying to permanent disability resulting from any cause while in the service as a railroad brakeman. That plaintiff knew this from reading the Railroad Trainmen, the official publication of defendant, which from time to time carried notices of settlements which had been made with injured members who had suffered spinal injuries such as the injuries suffered by

plaintiff, and other injuries not including those referred to in Section 68 of the constitution."

In a supplement to the petition it is further alleged: "That defendant's beneficiary board has at various times during the time plaintiff has been a member thereof, construed the same certificate and contract of insurance as that held by plaintiff, as covering permanent disability resulting from spinal injuries the same as that suffered by plaintiff, and permanent disabilities resulting from similar causes other than those referred to in Section 68, as alleged in plaintiff's first amended original petition which is here referred to. That said board has made payment and settlement of claims based on the same and similar injuries as those received by plaintiff, and has published such settlements and payments in the official organ of defendant Brotherhood as alleged in plaintiff's first amended original petition from time to time since the issuance of plaintiff's certificate. That plaintiff read such notices in said official organ, which was sent to the members of the Brotherhood, and was thereby induced to continue to pay premiums and assessments to defendant, and was induced to believe and did believe that he would be entitled to compensation under said certificate in event of any injury received by him while pursuing his occupation as a railroad trainmen, which would result in permanent disability."

With respect to his pleadings last above quoted, plaintiff does not expressly state what particular principles or rules of law when applied to the facts alleged would authorize recovery against defendant. But the sustaining of a general demurrer, if error, is fundamental, 3 T. J. § 578, p. 820, and requires determination of whether under any theory of law the facts alleged may authorize the relief sought.

Plaintiff, in his brief, in effect asserts that defendant by reason of the facts above alleged has waived the objectionable terms of section 70 of the contract. Assuming that by reason of the facts alleged defendant has waived any one or more of the provisions of section 70, as alleged by plaintiff, the facts remaining would not be actionable for want of a contractual promise to pay for the particular injury sustained by plaintiff.

Plaintiff further mentions that defendant has construed the contract as

covering disability of the character suf-fered by the plaintiff and other similar disabilities not referred to in section 68. The rule that courts may place upon contracts that construction given its terms by the parties applies only to those of ambiguous or doubtful meaning. The plain terms of the contract will not by the courts be overthrown, or ignored because of the construction or conduct of the parties, unless their acts during performance result in an estoppel. 10 T. J. § 171, p. 298. The provisions of section 70, authorizing claims for disabilities of the character suffered by plaintiff to be addressed to the benevolence of the Brotherhood, may be said to be ambiguous only in the respect as regards the quality or standard of the Brotherhood's desire to do good; its benevolence. The provisions of section 70 are not ambiguous in its terms negativing a legal obligation or promise to pay such claims. Therefore, the construction which plaintiff alleges defendant placed upon the contract is in direct conflict with its expressed terms, and cannot alone be sustained by the courts. And it is not thought that the facts alleged by plaintiff are sufficient to authorize a recovery under the doctrine of estoppel. Upon becoming a member of the society, plaintiff is in law charged with notice of, and is bound by, the provisions of its constitution and by-laws which constitute a part of the contract. R. S., Article 4834; Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S. W. 456, 288 S. W. 115, 47 A. L. R. 876; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S. W. 438. The fact that plaintiff failed to read his contract, by no alleged fault of the association, would not excuse his want of knowledge of its terms. Plaintiff is charged with notice of the terms of section 70 of the constitution authorizing defendant to pay claims for disabilities not defined in section 68, without incurring legal liability to pay other claims of a like nature in the future. That defendant has paid claims for disabilities other than those defined in section 68, from time to time, was in accordance with provisions of section 70, providing that such claims should be addressed to the benevolence of the order, and in no case become the basis of legal liability against the society. The contract in recognition covers claims for all character of disability. In section 68 it promises to pay for those there defined. In section 70, all oth-er claims for disabilities may be addressed to its benevolence. The first class of claims the society promises and assumes the legal obligation to pay, and the second class including all other claims it only agrees may be addressed to its benevolence without incurring legal liability therefor. Plaintiff does not allege that the premiums and assessments which he paid contributed in any way to the benevolent fund, or were paid otherwise than in consideration only for the insurance which he actually received under section 68 of the constitution. Merely to allege that defendant has construed the certificate and constitution as covering disabilities not defined in section 68 and of the character suffered by plaintiff, and that it has from time to time paid such claims and published notices thereof in its paper, is not sufficient to charge defendant with having fraudulently represented that payment of such claims were paid in recognition of a legal liability which it had assumed, or that they were not made in the exercise of its benevolence. The alleged arbitrary conduct of the defendant in refusing to extend to plaintiff the benefit of its benevolence in time of need may not be commendable, but it is not actionable.

The judgment of the trial court is affirmed.