Angeline Davis, Appellee, v. Chicago Truck Drivers, Chauffeurs and Helpers Union of Chicago and Vicinity, Local 705, Appellant.

Gen. No. 46,235.

Opinion filed July 2, 1954. Released for publication September 14, 1954.

FINN, HAYES & SHEHEE, of Chicago, for appellant; RAYMOND F. HAYES, J. GLENN SHEHEE, and JOHN M. BERENT, all of Chicago, of counsel.

HENRY W. KENOE & RAPHAEL FINE, of Chicago, for appellee.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff, the designated beneficiary, sued to recover the death benefit provided by the rules and regulations of the defendant organization, of which her husband was a member in good standing. A trial with a jury resulted in a verdict for $2,500, upon which judgment was entered. Defendant's motion for judgment *non obstante veredicto* and new trial were overruled. Defendant appeals.

Defendant's rules and regulations, under which plaintiff bases her right to recover, provide as follows:

"10. Upon the death of a member in good standing for three years or more, as above defined, subject to these Rules and Regulations, a benefit of Twenty-Five Hundred ($2,500.00) Dollars shall be paid to the beneficiary or beneficiaries designated by the member, or in case such beneficiary or beneficiaries designated by the member shall predecease the member, then such sum shall be paid in accordance with these Rules and Regulations. The payment of such death benefit is a matter of organizational privilege and welfare under

the terms hereof, and does not constitute a contract of life insurance or any other contract between the Organization and its members or the Organization and any claimant of benefits. The amount of benefit to be paid shall be subject always to the existing Rules and Regulations at the time of death, but in no case shall the amount of death benefit for any one individual exceed the total amount collected in the assessment levied on account of such death."

"23. . This Organization or any branch thereof or any officer or member thereof, individually or in a representative capacity, shall not be subject to any claim, suit, garnishment or attachment by any person on account of any direction made by the Board of Governors with reference to the manner in which the Death Benefits are disbursed by the Organization. All payments hereunder shall be made as a matter of organizational privilege and welfare and not as a matter of contract."

"9. Death Benefits shall be paid in cases of death from natural causes, illness, disease, or accidents, but not in cases of suicide."

Defendant filed an answer, setting up the foregoing rules and regulations and, as a special defense, that deceased committed suicide, and therefore no recovery could be had.

The reply to the answer alleged that deceased was insane at the time of his death and was incapable of knowing the nature or consequences of his act.

Several witnesses for plaintiff testified in detail to actions and statements by deceased immediately prior to his death, which clearly indicated to them that he was not acting and talking normally. They saw a sharp departure from his normal way of life they were accustomed to observe, through the many years of their

232

acquaintanceship with him. They further testified that in their opinion deceased was insane at the time of his self-destruction.

Dr. Kruglik was a witness for plaintiff. His practice is in the psychiatric field. He is a graduate of the Medical School of the University of Illinois; on the teaching faculty of the Chicago Medical School, Psychiatric Department; a consultant to the State Criminologist and Division of Public Safety; and Chief of the Neuropsychiatric Department at Manor Hospital in Chicago. His competency as an expert upon the question of the insanity of deceased at the time in question is not challenged. He testified that in his opinion deceased was insane at the time of his death.

A medical expert for defendant gave a contrary opinion, but on cross-examination he testified, "He (deceased) could also be insane, but I lean towards the first opinion." Other witnesses testified in their opinion deceased was sane.

■■ Upon this record, the question of insanity and the degree thereof at the time of the death in question was one for the jury, and we think that the verdict is amply supported by the evidence.

■ The rule respecting exemption of liability in the case of suicide is stated in *Grand Lodge I. O. M. A. v. Wieting,* 168 Ill. 408, 419:

"There is much conflict of opinion and authority as to the effect of the condition or proviso of the policy when insanity had so far overcome the consciousness of the assured as that he is unable to appreciate the moral wrong involved in the act of taking his own life, though he had mind enough to intend the act and was aware of its physical effect. The Supreme Court of the United States is committed to the doctrine that in order to relieve the insurer from liability because of a proviso of the character here involved, there must have been

233

sufficient mental understanding to realize the moral turpitude of the act of self-destruction."

It followed the doctrine of *Life Ins. Co. v. Terry,* 82 U. S. 580. To the same effect is *Central Mutual Life Ins. Ass'n v. Anderson,* 195 Ill. 135. It was there said:

"This was all the testimony offered, and from it we think the conclusion is warranted that Anderson was insane, and if he was insane, the only remaining question was as to the degree of his insanity, and what, if anything, it had to do as the inducing or moving cause of the shooting. These were matters of fact upon which the finding of the jury would have great weight."

Defendant contends that *Kelly v. Brotherhood of Railroad Trainmen,* 308 Ill. 508, 513, which denied a recovery to plaintiff, is controlling upon the question as to whether the rules and regulations in the instant case create an obligation of defendant to pay the benefit in question. A comparison of the language in section 70 of the by-laws involved in the *Kelly* case discloses a very definite distinction, and therefore not applicable to the instant case. There is no stated amount to be paid, in the by-laws in the *Kelly* case, nor any direct promise to pay, as in the instant case. There, too, the by-laws left it exclusively to the organization to determine whether any benefit should be approved and the amount thereof. There also is the provision that no suit or action at law or in equity may be commenced in any court to enforce the payment of any such claim. Such provisions are not present in the instant case.

■ It will be observed that paragraph 23 of the regulations in the instant case, already quoted, provides the organization shall not be subject to any claim or suit on account of the manner in which the death benefits are "disbursed" by the organization.

234

This clearly presupposes previous allowance of a death benefit. It has no reference to any claim or suit by a beneficiary to recover the benefit, as in the *Kelly* case.

We find no merit in other questions raised upon this appeal.

The judgment of the municipal court is affirmed.

*Affirmed.*

KILEY and LEWE, JJ., concur.