Simon **RAMIREZ** and Cynthia
**Ramirez,** Appellants,

v.

Dr. Jose **CARRERAS,** Appellee.

No. 13–02–00003–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 19, 2004.

Rehearing Overruled June 30, 2005.

Esther Cortez, McAllen, for appellants.

Micaela Alvarez, Ronald G. Hole, Hole & Alvarez, L.L.P., McAllen, for appellee.

Before Chief Justice VALDEZ, and Justices RODRIGUEZ and AMIDEI.[1]

**OPINION**

Opinion by Justice AMIDEI (Assigned).

Appellants Simon and Cynthia Ramirez appeal an adverse jury verdict and judgment claiming the evidence proves as a matter of law, or the great weight and preponderance of the evidence proves, that the conduct of Dr. Jose Carreras, appellee, injured Simon and proximately caused damages to appellants. The trial court granted appellee's motion for directed verdict on appellant's assault and battery cause of action and submitted appellants' common law negligence cause of action to the jury. We affirm.

## Background

Simon injured his lower back while working for K–Mart on May 9, 1993. He first received conservative treatment for a herniated disc. On April 4, 1995, Dr. Ruben Pechero performed a successful lumbar laminectomy and spinal fusion operation on Simon's lower back. In order to obtain Simon's disability rating or impairment level, K–Mart's worker's compensation carrier hired appellee to perform a range-of-motion examination on his back. During the examination, appellee instructed Simon to remove his back brace and bend forward. Appellants testified that after Simon told appellee he could only slightly bend, appellee placed his right hand on Simon's back and, by applying pressure, made him bend over further than he could on his own, thereby injuring Simon. Appellee denied that he pushed Simon or injured him during the range-of-motion examination.

Prior to the trial, appellants appealed a summary judgment granted on their medical negligence and common law claims. This Court affirmed the trial court's summary judgment as it related to appellants' medical negligence cause of action, and reversed and remanded the summary judgment as it related to appellants' common law negligence cause of action. *See Ramirez v. Carreras,* 10 S.W.3d 757, 764 (Tex.App.-Corpus Christi 2000, pet. denied). Further, this Court made specific determinations of the law applicable to this case, inter alia, as follows:

This case concerns the scope of a physician's duty when examining one who is not a patient. We hold that when a physician examines a person for the ben-

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp.2004).

efit of a third party and no physician-patient relationship exists, the only duty owed by the physician is the duty not to injure the examinee. Expert testimony is not required in order to raise a fact question on whether that duty is breached.

. . .

The duty not to injure is entirely different in scope and application from the standard of care in medical negligence causes of action. In medical negligence cases, the physician's conduct is judged against the 'accepted standard of medical care,' which is what a reasonable, competent, similarly-situated medical professional would do. The plaintiff must establish that standard, typically through expert testimony.

However, before the issue of 'standard of care' arises in a medical negligence cause, it must be first determined whether a relationship existed between the doctor and patient that triggered the duty for the doctor to exercise professional judgment and care. The existence or nonexistence of this duty is a preliminary question of law. When that relationship does not exist, Texas law is clear that the physician cannot be liable for professional negligence because he has no duty to exercise professional care.

. . .

Texas courts have held that the relationship between Dr. Carreras and Mr. Ramirez is not a physician-patient relationship.

. . .

Even though a doctor is not liable for professional negligence when examining a nonpatient, he remains liable for any injury he may cause during the procedure. This has been referred to as the 'duty not to injure.'

. . .

Dr. Carreras argues that Ramirez was required to produce expert testimony to create a fact issue regarding whether Carreras breached the duty not to injure Ramirez. We disagree. Ramirez is not required to show that Dr. Carreras violated a standard of care. The duty not to injure is a strict duty which arises by virtue of the relationship between the physician and the non patient-examinee.

. . .

Finally, Carreras argues that Ramirez's cause of action is governed by the Texas Medical Liability Insurance Improvement Act, which imposes various procedural and other requirements.... We disagree.

. . .

Because a cause for breach of the duty not to injure is not a claim that the physician departed from an 'accepted standard' within the health care industry, the Act is inapplicable. Moreover, the Texas Supreme Court has noted that the Act does not apply to claims where no physician-patient relationship exists.

. . .

Accordingly, we disagree with the Houston court in *Weathersby v. MacGregor Medical Assoc.*, 983 S.W.2d 82, 87 n. 1 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (holding that claim for ordinary negligence against health care provider falls 'squarely within the Medical Liability and Insurance Improvement Act'). In *Weathersby,* the plaintiff alleged that she suffered a compression fracture in her spine as a result of a Dynatron test administered by a doctor during a post-hire employment physical. *Id.* at 84. She sued on grounds of common law negligence. *Id* at 85. The doctor moved for summary judgment, proffering his own affidavit stating that his treatment did not cause the plaintiff's

injuries and that the normal administering of the Dynatron test would not cause the injuries sustained by plaintiff. *Id.* Expressly refusing to rule on whether Weathersby's cause of action was for medical negligence or common law negligence, the court held that regardless of which it was, the doctor successfully negated the element of causation. *Id.* at 87.

Unlike *Weathersby,* where the plaintiff's burden was to controvert the defendant's summary judgment evidence, Ramirez's burden is only to present some evidence on each element of his cause of action. He offered testimony from both his own and his treating physician's depositions that is sufficient to survive a no-evidence challenge.

*Ramirez,* 10 S.W.3d at 760–64.

The foregoing determinations of law govern this case throughout its subsequent stages under the doctrine of the law of the case. *Kropp v. Prather,* 526 S.W.2d 283, 285 (Tex.Civ.App.-Tyler 1975, writ ref'd n.r.e.)

### Issues

Appellants claim in two issues that the trial court erred in overruling their motion for judgment notwithstanding the verdict and that the jury's verdict is wrong because (1) the evidence proves conclusively as a matter of law that appellee injured Simon, which proximately caused appellants' damages, or (2) the jury's verdict is against the great weight and preponderance of the evidence.

### a. Standard of Review.

When the party with the burden of proof challenges the legal sufficiency of the evidence to support the jury's failure to find in its favor, it must show that no evidence supports the failure to find and the evidence establishes the desired finding as a matter of law. *Merckling v. Curtis,* 911 S.W.2d 759, 763 (Tex.App.-Houston [1st Dist.]1995, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Id.* First, an examination of the record for evidence that supports the jury finding, while ignoring all evidence to the contrary, must produce no evidence supporting the finding. *Id.* Second, if there is no evidence to support the fact finder's answer, then an examination of the entire record must demonstrate that the contrary proposition is established as a matter of law. *Id.*

Only one standard of review is used in reviewing factual sufficiency challenges, regardless of whether the court of appeals is reviewing a negative or affirmative jury finding or whether the complaining party had the burden of proof on the issue. *Id.* In reviewing a factual sufficiency complaint, we must first examine all of the evidence. *Id.* Having considered and weighed all of the evidence, we should set aside the verdict only if the evidence is so weak, or the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id.* We cannot merely substitute our opinion for that of the trier of fact and determine that we would reach a different conclusion. *Id.*

### b. Theory of negligence.

The trial court granted appellee's motion for directed verdict as to appellants' assault and battery cause of action. Appellants do not appeal such directed verdict. It was appellants' burden to prove an affirmative act of appellee which proximately caused injury to Simon. Appellants cite evidence that at the range-of-motion examination, appellee asked Simon to bend forward, and when Simon told him he could not bend, appellee pushed him forward with his right hand further than

he could go on his own. As the appellee testified he did not push Simon and that Simon was not injured during the examination, we must ignore evidence favoring appellants and hold there was evidence supporting the jury's answer to question number 1, that is, a finding of "no" negligence and proximate cause of appellee. *Id.*

Even if we do not ignore appellants' testimony supporting negligence, when weighing such evidence against appellee's evidence to the contrary, we find that the jury's finding was not against the great weight and preponderance of the evidence. *Id.*

Appellants' issues numbers one and two are overruled.

### Sanctions

■ Appellee urges a cross point that the trial court erred in denying appellee's motion for sanctions and dismissal, filed pursuant to section 13.01 of article 4590i of the Medical Liability and Insurance Improvement Act (the "Act"). TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp.2003). Appellee claims appellant failed to file an adequate expert's report as required by the Act. The appellants filed a "Plaintiffs' Filing of Expert Reports," but appellee complains it only contained three one-page medical records concerning Simon from Dr. Pechero's office which did not address any standard of care issues and did not contain a curriculum vitae.

Section 13.01 of the Act, provides, inter alia, as follows:

(a) In a health care liability claim, a claimant shall, not later than the 90th day after the date the claim is filed:

(1) file a separate cost bond in the amount of $5,000 for each physician or health care provider named by the claimant in the action;

(2) place case in an escrow account in the amount of $5,000 for each physician or health care provider named in the action; or

(3) file an expert report for each physician or health care provider with respect to whom a cost bond has not been filed and cash in lieu of the bond has not been deposited under Subdivision (1) or (2) of this subsection.

. . .

(r)(6)'Expert report' means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* Appellee has not established that appellants were required to file an expert's report. Under section 13.01, an expert's report is not required if the claimant files a $5,000 bond, or places in escrow $5,000 for each physician named by the claimant in the action. *See id.* Appellee does not mention whether appellants filed a bond or placed money in escrow as allowed by section 13.01. Appellee failed to meet his burden to negate appellants' compliance with sub-sections (1) or (2) of section 13.01.

■ Even if appellants did not file a bond or escrow funds, appellee's main complaint as to the "Plaintiffs' Filing of Expert Reports" is that it did not address any standard of care issues relating to appellee. As this Court determined in the previous appeal of this case, and is the law of this case, since there was no relationship of doctor and patient between appellee and Simon, appellee had no duty to conduct the examination according to the accepted standards of medical care, and

was only liable for any injury he may have caused during the procedure. *Ramirez*, 10 S.W.3d at 762. It is well established that the Texas Medical Liability and Insurance Improvement Act does not apply to claims where no physician-patient relationship exists. *Id.* at 764.

Appellee argues that the opinion in *Weathersby v. MacGregor Med. Assoc.*, 983 S.W.2d 82(Tex.App.-Houston [14th Dist.] 1998, no pet.), applies to bring this case under the Act, but in our prior opinion in this particular case, we expressly disagreed with the *Weathersby* opinion insofar as it held that an ordinary negligence claim against a health care provider falls "squarely" within the Act. *Ramirez*, 10 S.W.3d at 764. Again, this Court's previous determination of law in this case is law of this case which the trial court could not overturn and we will not overturn in this appeal. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex.2003). The trial court did not err in denying appellee's motion for sanctions.

Appellee's cross point is overruled.

The judgment of the trial court is affirmed.